JOHN BRODERICK, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the appellant, *Collins & Corbin, Edward A. Markley* and *John F. Leonard.*

For the respondent, *Andrew J. Markey.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Bayonne District Court in favor of the plaintiff and against the defendant in an action to recover for injuries sustained as the result of a fall on a stairway in the Journal Square station of the defendant railroad company.  The contention of the plaintiff was that he fell by reason of stepping on a loose tile on the tread of the stairway while descending to enter a train.  The stairway was paved with small tiles set in cement.

The case was submitted to the trial judge without a jury, and he found for the plaintiff, after denying motions to nonsuit and direct a verdict, on the ground, among others, that there was no evidence of defendant's alleged negligence.

There was proof on behalf of the plaintiff, although it was denied, that after he fell a loose tile was seen on the step from which his fall commenced. There was, however, not one word of evidence that this condition existed at a time prior to the accident to the plaintiff. There was no proof of actual knowledge upon the part of the defendant, nor was there any proof of the existence of the defect for such length of time as to charge the defendant with constructive notice thereof. One or the other of these elements of proof was essential to plaintiff's cause of action. *Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558. As was stated in that case "in the present instance, for aught that appears to the contrary, it may readily have happened that the act of the plaintiff in placing her weight upon the metal nosing was the first force to produce this loosened condition." The same may be said in the instant case.

There are cases in our reports, such as *Stark* v. *Great Atlantic and Pacific Tea Co.*, 102 *N. J. L.* 694, and *Shortz* v. *Slobodien*, 107 *Id.* 512, where proof of constructive notice is found in the condition of disrepair itself, such as the rotten condition of a piece of wood, a condition which necessarily is the result of a slow and gradual process. But there is no such testimony in the instant case. An expert for the plaintiff testified that the life of tiles in such a place as this is about five years, and that they become dislodged either through the gradual vibration resulting from use of the stairs or through the dropping of heavy objects upon them. There was no evidence, however, that the condition of the tile was such that it did become defective as the result of a slow and gradual process or that its appearance was such that the defendant was chargeable with notice that it was becoming unsafe.

The trial court based his finding for the plaintiff upon what he held to be the failure of the defendant to prove that it made an adequate inspection of the stairway to discover defects. In the absence of proof of the prior existence of the defect, this is not the controlling feature of the case. If there had been such proof, the defendant might, by way of exculpation, have shown that it made proper inspections and that

the defect was of such a nature that it was not disclosed by the inspections. But a failure to make inspection will not impose liability where it was not shown that there was a dangerous condition in existence which the inspection would or should have disclosed.

The rule of *Schnatterer* v. *Bamberger, supra,* applies and the judgment is reversed.